OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

August 14, 2002

The Honorable Clyde Herrington
Angelina County District Attorney
P.O. Box 908
Lufkin, Texas 75902-0908

Opinion No. JC-0543

Re: Whether a county that collects fees and costs under section 51.702 of the Government Code must, under section 25.0005 of the same code, "set" an increased salary for statutory county court judges, and related questions (RQ-0513-JC)

Dear Mr. Herrington:

You ask whether Angelina County (the "County") complied with the statutory county court judge's salary scheme that sections 25.0005 and 51.702 of the Government Code establish.[1] *See* TEX. GOV'T CODE ANN. §§ 25.0005, 51.702 (Vernon Supp. 2002). We paraphrase your three questions:

> 1. Whether the County set its statutory county court judges' salaries consistently with section 25.0005 of the Government Code in 1997 and 1998.

> 2. Whether the County, which began collecting fees under section 51.702 of the Government Code in November 1996, should have met the statutory salary requirements of section 25.0005 as of September 1, 1996, rather than in 1997.

> 3. If the County failed to comply with section 25.0005(e), whether it must pay its judges for the years 1997 and 1998 in accordance with section 25.0005(a).

*See* Request Letter, *supra* note 1. Based on the facts as you state them, we conclude that the County did not comply with section 25.0005(a) in 1997 or 1998 because it did not "set" the judges' salaries at the proper level. Nor did the County comply with section 25.0005(e) because it did not increase the judges' salaries in the amount that subsection (e) requires. Failing to comply with subsection (e), the County should have complied with section 25.0005(a), but, again, it did not. Because section

---

[1] *See* Letter from Honorable Clyde Herrington, Angelina County District Attorney, to Honorable John Cornyn, Texas Attorney General (Feb. 15, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

25.0005(a) does not specify a date by which a participating county must increase its judges' salaries, the County need not have increased the judges' salaries by September 1, 1996. Finally, given the County's failure to comply with section 25.0005(e) in 1997 and 1998, we conclude that the County must pay its judges the difference between the amounts they were due for those years under section 25.0005(a) and the compensation they actually received. Although we believe that the amount each judge received under section 25.0016 of the Government Code should be subtracted from any additional monies owed under section 25.0005(a), we do not determine what amounts may be due the judges.

The County has two statutory county court-at-law judges. *See* TEX. GOV'T CODE ANN. § 25.0051 (Vernon Supp. 2002) (providing for Angelina County statutory county courts). During "late 1996," you explain, the County decided to participate in the program established under sections 25.0005, 25.0015, 25.0016, and 51.702 of the Government Code, which provide a means by which a participating county may increase statutory county court judges' salaries in lieu of permitting the judges to practice law privately. *See id.* §§ 25.0005, 25.0015, 25.0016, 51.702; *see* Request Letter, *supra* note 1, at 1. "The 1996 budgeted salary of each County Court at Law Judge was" $57,939.75. *Id.* In 1997 and 1998 each judge was "budgeted to receive" $59,939, *id.*, an increase of approximately $2,000. We understand that when the County received its share of the excess monies distributed at the end of the state's fiscal year under section 25.0016 of the Government Code, each judge received half of the money (in addition to the budgeted amount each judge received). *See id.* at 2. Thus, in 1997, each judge received $22,107.62 "in addition to [a] budgeted salary of" $59,939 "for a total salary," you say, of $82,046.62. *Id.* In 1998, you continue, each judge received $26,939 in addition to the budgeted salary, "for a total salary of" $86,878. *Id.* The County also "paid the retirement match on the excess funds [that] were divided between the two judges out of county funds independent of the funds" the county received under section 25.0016. *Id.* Because you believe the two judges "ultimately received more" than the amounts required under section 25.0005(e), you contend that the County should not now "be required to pay additional money to the judges as outlined in section 25.0005(a) for either or both 1997 and 1998." *Id.*

To participate in the salary-supplement program under sections 25.0005, 25.0015, 25.0016, and 51.702 of the Government Code, a commissioners court authorizes the statutory county court clerk to collect special filing fees and court costs under section 51.702: "a $40 filing fee in each civil case in the statutory county court and a court cost of $15 from" certain persons who are convicted of criminal offenses in a statutory county court. Tex. Att'y Gen. Op. No. JC-0305 (2000) at 2; *see* TEX. GOV'T CODE ANN. § 51.702(a), (b) (Vernon Supp. 2002). Section 51.702(f) generally requires a commissioners court to inform the comptroller that it will participate in the program by June 1 of the initial year and the statutory county court clerk to begin collecting the fees and costs on July 1. *See* TEX. GOV'T CODE ANN. § 51.702(f) (Vernon Supp. 2002); Tex. Att'y Gen. Op. No. JC-0305 (2000) at 2. Then, under section 25.0015 of the Government Code, the state compensates a participating county "in an amount equal to $35,000 for each statutory county court judge in the county" in monthly installment payments beginning on September 1 of that year. TEX. GOV'T CODE ANN. § 25.0015(a) (Vernon Supp. 2002). Nevertheless, a county "that is not eligible to participate under [section 51.702(f)] but" that becomes eligible "later in the year may submit a

resolution . . . to the comptroller," who determines "the date the county may begin to collect fees and costs under this section." *Id.* § 51.702(i). "A county that begins to collect fees and costs under this section after July 1 is not eligible for a payment" from the state "until the 60th day after the date the comptroller determines the county may begin to collect fees and costs under this section." *Id.*

In addition to the $35,000 per year that the state compensates a participating county for each statutory county court judge in that county, *see id.* § 25.0015, at the end of the state's fiscal year the comptroller divides among participating counties excess collections, *see id.* § 25.0016(a). "At the end of each state fiscal year the comptroller shall determine the amounts [collected] under [s]ection 51.702 and the amounts paid to the counties under [s]ection 25.0015." *Id.* If the total amount the counties paid to the state under section 51.702 "exceeds the total amount" the state paid to the participating counties under section 25.0015, "the state shall remit the excess to the counties" in proportion to the percentage of the total each county paid. *Id.* The amount the state remits to a county is paid "to the county's general fund to be used only for court-related purposes for the support of the judiciary." *Id.* § 25.0016(b). The salaries of statutory county court judges "are a subset of 'court-related purposes for the support of the judiciary.'" Tex. Att'y Gen. Op. No. JC-0158 (1999) at 2 (quoting Tex. Gov't Code Ann. § 25.0016(b)).

Section 25.0005 requires a county that collects fees and costs under section 51.702 to increase a statutory county court judge's salary if the judge does not practice law privately:

> (a) A statutory county court judge, other than a statutory county court judge who engages in the private practice of law or a judge in whose court fees and costs under Section 51.702 are not collected, shall be paid a total annual salary set by the commissioners court at an amount that is at least equal to the amount that is $1,000 less than the total annual salary received by a district judge in the county on August 31, 1999. A district judge's or statutory county court judge's total annual salary includes contributions and supplements, paid by the state or a county, other than contributions received as compensation under Section 74.051.
>
> . . . .
>
> (c) The salary shall be paid in equal monthly installments.
>
> . . . .
>
> (e) A county is not required to meet the salary requirements of Subsection (a) for a particular court if:
>
> (1) not later than September 1 of the year in which the county initially begins collecting fees and costs under Section 51.702, the

county increases the salary of each statutory county court judge in the county to an amount that is at least $28,000 more than the salary the judge was entitled to on May 1 of the year the county initially begins collecting fees and costs under Section 51.702;

(2) the county pays at least the salary required by Subdivision (1);

(3) the county collects the fees and costs as provided by Section 51.702;

(4) the court has at least the jurisdiction provided by Section 25.0003; and

(5) except as provided by Subsection (f), the county uses at least 50 percent of the amount the county receives each state fiscal year under Section 25.0016 for salaries for the statutory county court judges.

(f) Subsection (e)(5) does not require a county to pay a salary that exceeds the minimum salary under Subsection (a).

*Id.* § 25.0005 (Vernon Supp. 2002); *see* Tex. Att'y Gen. LO-95-074, at 4 (defining term "salary" generally as compensation for services rendered).

Over the course of the time period that is the subject of this request, the legislature amended both subsections (a) and (e) of section 25.0005, changing the amount that a participating county must pay a statutory county court judge, and this may affect the amount the judges should have received. *Compare* TEX. GOV'T CODE ANN. § 25.0005 (Vernon Supp. 2002) *with* Act of June 1, 1997, 75th Leg., R.S., ch. 1119, §§ 1, 5(b), 1997 Tex. Gen. Laws 4262, 4263. Prior to January 1, 1998, subsection (a) required a county to set a county judge's salary in an amount that is "$1,000 less than the total annual salary" a district judge receives. Act of June 1, 1997, 75th Leg., R.S., ch. 1119, §§ 1, 5(b), 1997 Tex. Gen. Laws 4262, 4263. Between January 1, 1998, and October 1, 1999, subsection (a) required a county to pay a statutory county court judge a salary at least $4,000 less than district judges' salaries. *See id.* Subsection (a) reverted to requiring a salary that is at least $1,000 less than a district judge's salary effective October 1, 1999. *See* Act of May 30, 1999, 76th Leg., R.S., ch. 1572, §§ 1, 11, 1999 Tex. Gen. Laws 5404, 5404. The legislature also amended subsection (e) over the course of the relevant time period. Prior to October 1, 1999, subsection (e) required a county to pay a county judge "$20,000 more than the salary the judge was entitled to on May 1" of that year. Act of June 1, 1997, 75th Leg., R.S., ch. 1119, § 1, sec. 25.0005(e)(1)(A), 1997 Tex. Gen. Laws 4262, 4263. Subsection (e)(1) now requires a county to pay a salary that is at least $28,000 "more than the salary the judge was entitled to on May 1 of the year the county" began collecting fees and costs under section 51.702 of the Government Code. TEX. GOV'T CODE ANN. §

25.0005(e)(1) (Vernon Supp. 2002); *see also* Act of May 31, 1999, 76th Leg., R.S., ch. 1572, §§ 1, 11, 1999 Tex. Gen. Laws 5404, 5405 (amending section 25.0005).

To answer your first question, we conclude that the County did not pay statutory county court-at-law judges' salaries consistently with section 25.0005(a) or (e). Although the County has participated and collected fees and costs under section 51.702 since November 1996, it has neither "set" statutory county court-at-law judges' salaries as section 25.0005(a) requires, nor has it increased and paid the salary as section 25.0005(e) requires.

First, the County did not comply with subsection (a), which requires a county to pay its judges "a total annual salary *set* by the commissioners court." TEX. GOV'T CODE ANN. § 25.0005(a) (Vernon Supp. 2002) (emphasis added). We presume that the County, which has a population of 80,130, *see* http://quickfacts.census.gov/qfd/states/48/48005.html, adopts its budget, and hence sets the judges' annual salaries, in accordance with chapter 111, subchapter A of the Local Government Code. *See* TEX. LOC. GOV'T CODE ANN. § 111.001 (Vernon 1999) (providing that subchapter A applies only to county with population of 225,000 or less); *see also* Tex. Att'y Gen. Op. No. JC-0159 (1999) at 4 (stating that commissioners court sets county court-at-law judge's salary annually for succeeding fiscal year). In addition, a commissioners court must "set" an elected county officer's "salary, expenses, and other allowances . . . at a regular meeting . . . during the budget hearing and adoption proceedings." TEX. LOC. GOV'T CODE ANN. § 152.013(a) (Vernon 1999); *see also* TEX. GOV'T CODE ANN. § 311.011 (Vernon 1998) (requiring statutory interpreter to read words "in context" and consistently with "rules of grammar and common usage"); XV OXFORD ENGLISH DICTIONARY 54, 56 sense III, 57, senses 21a & 22 (2d ed. 1987) (defining "set" as recording fact in writing). Thus, a county must, during a regular meeting conducted as part of the budget hearings and adoption proceedings, fix, in its budget, county court-at-law judges' salaries in an amount that complies with subsection (a) and that does not depend upon the amount the county receives at the end of the state's fiscal year under section 25.0016 of the Government Code. Further, the County did not pay the judges' salaries in "equal monthly installments," as section 25.0005(c) requires. *See* TEX. GOV'T CODE ANN. § 25.0005(c) (Vernon Supp. 2002).

Second, the County did not comply with subsection (e), which in 1996 through October 1, 1999, required a commissioners court to increase a statutory county court judge's salary "to an amount that is at least . . . $20,000 more than the salary the judge was entitled to on May 1 of [the] year" that the county initially began collecting fees and costs under section 51.702. Act of June 1, 1997, 75th Leg., R.S., ch. 1119, sec. 25"."0005(e), 1997 Tex. Gen. Laws 4262, 4263. You report that the County increased the judges' salaries in 1997 and 1998 approximately two thousand dollars, *see* Request Letter, *supra* note 1, at 1, but that amount is insufficient under subsection (e). Moreover, again, the County did not pay the judges' salaries "in equal monthly installments," as section 25.0005(c) requires. TEX. GOV'T CODE ANN. § 25.0005(c) (Vernon Supp. 2002). Subsection (c) applies to salary received under subsection (e) as well as to salary received under subsection (a). As we stated in Attorney General Opinion JC-0159, "a county's compliance with" section 25.0005(e) is "determined according to the actions it takes during each year in which it attempts to set the judges' salaries under that provision." Tex. Att'y Gen. Op. No. JC-0159 (1999) at 4. A

county "may not bring a salary within that section by disbursing section 25.0016 funds after [its] fiscal year" has ended. *Id.* A county may disburse section 25.0016 funds in a subsequent fiscal year, but we do not understand that this was done here.

Having determined that the County complied with neither subsection (a) nor subsection (e), we conclude that the County was required to comply with subsection (a). A county that opts to participate in the program established under section 51.702 of the Government Code must pay its statutory county court judges the minimum salary section 25.0005(a) requires, unless the county complies "with the salary . . . setting provision found in subsection 25.0005(e)." Tex. Att'y Gen. Op. No. JC-0159 (1999) at 2. Conversely, a participating county that does not comply with one or more of subsection (e)'s requirements must comply with subsection (a). *See id.* at 3.

We consequently consider whether, under section 25.0005(a), the County should have increased the judges' salaries effective September 1, 1996, although the County did not begin collecting fees and costs under section 51.702 until November of that year. Typically, a county that resolves to collect fees and costs under section 51.702 begins collecting on July 1. *See* TEX. GOV'T CODE ANN. § 51.702(f) (Vernon Supp. 2002). The participating county then receives its first installment payment from the state the following September, approximately sixty days after instituting the collection. Here, however, the County began collecting fees and costs under section 51.702 in November 1996 and received its first installment payment from the state under section 25.0015 in January 1997. *See* Request Letter, *supra* note 1, at 2. You consequently believe that the county need not have increased the judges' salaries "by September 1, 1996." *Id.* The judges counter that the county should have increased their salaries by September 1, 1996, consistently with section 25.0005(e). *See id.*[2]

We conclude that section 25.0005(a) did not require the County to increase the judges' salaries by September 1, 1996. The County, by failing to comply with subsection (e), was required to comply with subsection (a). *See* discussion *supra* pp.1-2. Subsection (a) does not facially require that the judges' salaries have been increased by September 1 of the year a county begins collecting fees and costs. *See* TEX. GOV'T CODE ANN. § 25.0005(a) (Vernon Supp. 2002). Section 25.0005(e), by contrast, plainly requires a participating county to increase each statutory county court judge's salary "not later than September 1 of the year in which the county initially begins collecting" the fees and costs. *Id.* § 25.0005(e)(1); *see also* Tex. Att'y Gen. Op. No. JC-0157 (1999) at 3 (defining term "initially" to mean first year that county "began collecting fees and costs under section 51.702").

You ask finally whether the County's judges are entitled to penalties under section 25.0005(a) because the County failed to budget the proper amounts under subsection (e). *See* Request Letter, *supra* note 1, at 3. You believe that, because the County paid the judges "the appropriate portion of the excess payment" the county received under section 25.0016, "it has substantially complied with the statute and should not be penalized." *Id.* Because no statute imposes

_____

[2]*See also* Letter from Joseph E. Martin, III, Attorney at Law, to Susan Denmon Gusky, Chair, Opinion Committee, Texas Attorney General (Apr. 22, 2002) (on file with Opinion Committee).

a "penalty" upon a county that fails to pay the requisite amount, we consider whether, presuming that the County failed to increase the judges' salaries as section 25.0005(e) required, the County must now pay the difference between the salaries the County set and the salaries to which the judges were entitled under section 25.0005(a). We have already determined that the County was required to comply with subsection (a).

Each county judge should receive from the County the difference between the amount he or she received and the amount the judge should have received under subsection (a). In a similar fact situation, this office concluded in 1999 that a county that did not comply with "at least one provision of []section 25.0005(e)" in fiscal years 1997 and 1998 was governed by section 25.0005(a). Tex. Att'y Gen. Op. No. JC-0159 (1999) at 3-4. Further, subsection (a) provides the minimum salary a statutory county court judge in a participating county may receive. *See* TEX. GOV'T CODE ANN. § 25.0005(f) (Vernon Supp. 2002). Section 25.0005(a) bases the amount a participating county must pay a statutory county court judge upon the amount a district judge receives as salary from the state. *See id.* § 25.0005(a). A fact finder thus will need to consider the amounts that a state district judge received in the appropriate year. For your guidance, we summarize this information in a table:

| | |
|---|---|
| District judge's salary in state FY ending 8/31/96 | $85,217[3] |
| . . . ending 8/31/97 | $85,217[4] |
| . . . ending 8/31/98 | $92,217[5] |
| . . . ending 8/31/99 | $92,217[6] |

(We have included the state fiscal years ending in 1996 and 1999 because of the disparity between the dates of the state's fiscal year and the County's.).

In calculating any additional monies owed the judges under section 25.0005(a), the amount each judge received under section 25.0016 of the Government Code should be included in determining the amount each judge was paid in the fiscal years at issue. Put another way, the amount each judge received under section 25.0016 should be subtracted from the difference between the total amount each judge actually received and the amount he or she should have received under section 25.0005(a). Under section 25.0005(a), a judge is entitled to a minimum "total annual salary,"

---

[3]*See* General Appropriations Act, 74th Leg., R.S., ch. 1063, art. IV, 1995 Tex. Gen. Laws 5242, 5736 (Judiciary Section, Comptroller's Department).

[4]*See id.*; *accord* Tex. Att'y Gen. Op. No. JC-0159 (1999) at 4.

[5]*See* General Appropriations Act, 75th Leg., R.S., ch. 1452, art. IV, 1997 Tex. Gen. Laws 5535, 6017 (Judiciary Section, Comptroller's Department); *accord* Tex. Att'y Gen. Op. No. JC-0159 (1999) at 4.

[6]*See* General Appropriations Act, 75th Leg., R.S., ch. 1452, art. IV, 1997 Tex. Gen. Laws 5535, 6016 (Judiciary Section, Comptroller's Department).

which includes "contributions and supplements, paid by the state or a county, other than contributions received as compensation under [s]ection 74.051." TEX. GOV'T CODE ANN. § 25.0005(a) (Vernon Supp. 2002). Thus, aside from compensation under section 74.051, all state and county contributions and supplements paid to a judge are included in "total annual salary" under section 25.0005(a). Calculating a specific amount due each judge depends upon the resolution of fact issues and is beyond the scope of this opinion. *See, e.g.*, Tex. Att'y Gen. Op. Nos. JC-0032 (1999) at 4 (stating that question of fact is beyond purview of this office); JC-0027 (1999) at 3 (stating questions of fact cannot be addressed in attorney general opinion); JC-0020 (1999) at 2 (stating that investigation and resolution of fact questions cannot be done in opinion process).

## S U M M A R Y

Assuming that the requestor's statement of facts is true, Angelina County, which began collecting fees and costs under section 51.702 of the Government Code in November 1996, did not "set" increased salaries for its statutory county court judges as required under section 25.0005(a) or (e) of the same code in 1997 or 1998. *See* TEX. GOV'T CODE ANN. §§ 25.0005(a), (e), 51.702(i) (Vernon Supp. 2002). Under section 25.0005(a), Angelina County need not have increased the judges' salaries beginning September 1 of the year it began collecting the fees and costs. To the extent Angelina County did not pay its judges the amount they were due under section 25.0005(a), each judge should receive from the County the difference between the total amount he or she received and the amount the judge should have received under that subsection.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee